IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHARNPAL S. GHUMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 10 C 3151 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| DEPARTMENT OF THE TREASURY, | ) |
| INTERNAL REVENUE SERVICE, | ) |
| THE KANE COOK AUTO THEFT | ) |
| TASK FORCE, and CARMAX AUTO | ) |
| SUPERSTORES, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Charnpal S. Ghuman ("plaintiff) initially filed a Motion for Return of Property, under Rule 41(g) of the Federal Rules of Criminal Procedure, naming as defendants the United States of America, Department of the Treasury, Internal Revenue Service and The Kane Cook Auto Theft Task Force. Plaintiff requested recovery of three automobiles referred to in the pleadings as a Mustang, a Lambroghini, and a Hummer.

Subsequently, plaintiff filed an amended pleading describing a fourth automobile identified as a Porsche purchased by him at a price of $325,000 for which he sought recovery and damages. The amended pleading adds as a defendant, Carmax Auto Superstores, Inc., a Virginia Corporation, doing business in Schaumburg, Illinois ("Carmax"). Carmax is alleged to have converted the Porsche, but is not alleged to have any connection with the seizure of the other automobiles.

The matter is before the court on Carmax's motion to dismiss which the court converted to a motion for summary judgment. The parties have filed affidavits, documents, and deposition transcripts which fully relate plaintiff's and Carmax's connection with the Porsche.

At a status hearing on June 3, 2011, the United States informed the court that a federal seizure warrant had been issued for the Porsche, and that a forfeiture action had been filed in which it was contended that the Porsche was purchased with the proceeds of a fraud. That action, in which ownership will be an issue, is now pending. At the June 3 hearing, plaintiff moved to dismiss the United States and The Kane Cook Auto Theft Task Force from this proceeding, leaving remaining only state law claims for replevin and conversion against Carmax.

The undisputed facts are that Jagdeep Ghuman ("Jagdeep"), the brother of plaintiff, obtained possession of the title to the Porsche automobile that was in

plaintiff's name and caused the Illinois Secretary of State to issue a new title document in Jagdeep's name. Jagdeep went to a Carmax outlet on November 23, 2009 in possession of the Porsche and with a title to the car issued in his name and offered to sell the Porsche to Carmax. Carmax obtained confirmation that the title of the car was in the name of Jagdeep. Carmax agreed to purchase the Porsche for cash and a BMW automobile. Carmax took possession of the Porsche from Jagdeep Ghuman. Carmax was entitled to rely on the *prima facie* validity of the government issued title in the absence of knowledge to the contrary. **Pekin Ins. Co. v. U.S. Credit Funding, Ltd.,** 212 Ill. App. 3d 673, 571 N.E. 2d 769, 771 (1st Dist. 19991); **People v. Minor,** 197 Ill. App. 3d 500, 554 N.E. 2d 767, 769 (4th Dist. 1990); **In re Robinson,** 2010 WL 4053667 *7 (C.D. Ill. Oct. 14, 2010). In fact, plaintiff did not report the Porsche as stolen until November 30, 2009.

A criminal investigation was started, and Carmax was informed that the Porsche was reported stolen. Carmax stopped payment on its bank draft and demanded that Jagdeep Ghuman return the BMW which he did. The Porsche was taken from Carmax on December 4, 2009 by a representative of The Kane Cook Auto Theft Task Force.[1] Carmax was given a receipt for the vehicle as property taken in connection with a criminal investigation.

---

[1] Plaintiff complains that the agent of The Auto Task Force negligently damaged the Porsche. Carmax has no liability for the Task Force agent's conduct.

The fact that a federal seizure warrant was apparently not issued until before the recent forfeiture proceedings instituted by the United States does not affect the legality of Carmax's actions. Carmax properly acquired and surrendered possession of the Porsche and is not liable to plaintiff for replevin or conversion.

IT IS THEREFORE ORDERED that defendant Carmax's motion to dismiss [17] is granted. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action without prejudice except that the claims against defendant Carmax Auto Superstores, Inc. are dismissed with prejudice.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: JUNE 6, 2011